# In the United States Court of Federal Claims

No. 12-183L
(Filed: January 30, 2017)

| | |
|---|---|
| CLARENCE CHAPMAN, et al., | ) ) ) |
| Plaintiffs, | ) ) Motion to Amend Complaint or ) Substitute Real Party in Interest; |
| v. | ) Invalid Assignment; Statute of ) Limitations; Relation-back; RCFC 15; |
| THE UNITED STATES, | ) RCFC 17 ) |
| Defendant. | ) ) ) |

    *Stephen C. Smith*, Boise, ID, with whom was *Dane A. Bolinger*, Boise, ID, for plaintiffs.

    *Terry M. Petrie*, Environment and Natural Resources Division, United States Department of Justice, Denver, CO, for defendant.

**ORDER ON PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

    Pending before the court is plaintiffs' motion (ECF No. 54), filed September 30, 2016, for leave to file a second amended complaint in the above-captioned Fifth Amendment takings case pursuant to Rule 15 of the Rules of the Court of Federal Claims ("RCFC"). Plaintiffs seek to correct minor factual errors and technicalities and add a legal basis that plaintiffs contend will allow them to recover attorneys' fees and other expenses. Plaintiffs also seek to substitute Debra Rogers as a party and substitute her for Clarence E. Chapman as a plaintiff in Claim VI of the complaint under RCFC 15, 17, or 24. Defendant the United States ("the government") does not object to plaintiffs' proposed amendments but opposes the addition or substitution of Ms. Rogers.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

    This case arises from a fire that started in July 2007 in Idaho (the "Poe Cabin Fire"). Compl. ¶ 1. Plaintiffs include Clarence E. Chapman and Helen Ann Chapman

and other landowners in Idaho who all allege that a backfire set by the government, intended to control the spread of the Poe Cabin Fire, burned their real and personal property. Plaintiffs claim that the permanent destruction of their property requires the government to provide just compensation. Compl. ¶¶ 41, 48, 55, 63, 70, 80; First Am. Compl. ¶¶ 46, 53, 60, 68, 75, 85; Proposed Second Am. Compl. ¶¶ 47, 54, 61, 69, 76, 83.

In addition to claims related to the alleged taking of property owned by Clarence and Helen Chapman, Mr. Chapman in Claim VI of the complaint has been seeking just compensation for the alleged taking of property that belonged to Debra Rogers.[1] In 2011, Ms. Rogers sold and transferred to Mr. Chapman "any and all claims, demands, and cause(s) of action of any kind whatsoever . . . against the United States" related to the 2007 fire. Def.'s Resp. Ex. 1 (Assignment of Claim); Pls.' Reply Ex. A at 1-2 (same). The assignment agreement further stated that only Mr. Chapman "may in his own name and for his own benefit prosecute, collect, settle, compromise, and grant releases on said claim as he in his sole discretion deems advisable." *Id.* In exchange for the assignment, Mr. Chapman paid Ms. Rogers and her then-husband, Richard Caciano, $500 and promised to pay them 40 percent of the net proceeds from any suit or settlement for damages based on the assignment. Pls.' Reply Ex. A at 3.

The alleged taking and Mr. Chapman's assignment are identified in the original complaint filed in this court on March 20, 2012 and in the first amended complaint. Compl. ¶¶ 72-81; First Am. Compl. ¶¶ 77-86. The alleged value of Ms. Rogers's timber and property taken by the government is $591,788. Compl. ¶ 81; First Am. Compl. ¶ 86.

In October 2012, the court granted the government's motion to dismiss the case for failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6). *See Chapman v. United States*, 107 Fed. Cl. 47 (2012). The decision did not address the assignment. *See id.* Plaintiffs appealed. *See* ECF No. 18. In October 2013, the Federal Circuit granted the government's unopposed motion to vacate the court's decision and remand the case in light of the Federal Circuit's decision in *TrinCo Inv. Co. v. United States*, 722 F.3d 1375 (Fed. Cir. 2013). *See* ECF No. 19 (motion, decision, and mandate).

In its answer to the complaint (ECF No. 27), filed January 24, 2014 (more than six years after the alleged taking), the government asserted that Claim VI was barred by the Anti-Assignment Act, 31 U.S.C. § 3727. Plaintiffs filed a first amended complaint on April 15, 2015 (ECF No. 37-1). Plaintiffs disputed that the Anti-Assignment Act barred Claim VI and maintained the claim in their first amended complaint. The

---

[1] Counsel for plaintiffs stated at oral argument that Ms. Rogers was and remains the owner of the land where the alleged taking occurred.

government reiterated its Anti-Assignment Act defense in its answer to the first amended complaint (ECF No. 39), filed April 29, 2015.

In a joint status report (ECF No. 52), filed August 26, 2016, after the parties completed fact discovery and expert depositions, the government stated that it would file a motion for summary judgment with regard to Claim VI and Mr. Chapman's right to maintain the claim related to Ms. Rogers's property on the grounds that the claim is barred by the Anti-Assignment Act. Plaintiffs' counsel stated that he believed the assignment "can be effectively unwound by the Cacianos and Chapman agreeing to rescind that agreement" and that "[t]he procedural aspect of . . . Debra [Rogers] not being a named party to this litigation could be remedied by amending the Complaint . . . ." *Id.* at 2.

On September 30, 2016, plaintiffs filed their motion for leave to file a second amended complaint, in which Ms. Rogers is identified as a plaintiff. Plaintiffs argue that Ms. Rogers should be added as a party under Rule 15 of the Rules of the Court of Federal Claims ("RCFC") or substituted as the real party in interest under Rule 17. Plaintiffs also argue that she should be allowed to intervene under Rule 24. The government filed its opposition (ECF No. 59) on November 1, 2016. Plaintiffs filed their reply in support of the motion (ECF No. 62) on November 28, 2016 and supplemental briefing was completed on January 23, 2017 (ECF No. 66).

Oral argument was heard on January 25, 2017.

## II. LEGAL STANDARDS

A party may amend its pleading pursuant to RCFC 15(a)(2) with the court's leave. RCFC 15(a)(2) provides that "[t]he court should freely give leave when justice so requires." RCFC 15(c)(1)(B) states that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." The Federal Circuit has found that "[i]n the absence of any apparent or declared reason—such as . . . futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *A & D Auto Sales, Inc. v. United States*, 748 F.3d 1142, 1158 (Fed. Cir. 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). This court has found that granting leave to amend a pleading would be futile if the amended complaint would fail to state a claim upon which relief can be granted, *see Marchena v. United States*, 128 Fed. Cl. 326, 330 (2016) (citing *Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339, 1354-55 (Fed. Cir. 2006); *Meyer Grp., Ltd. v. United States*, 115 Fed. Cl. 645, 650 (2014)), or if the proposed amendment would fail for lack of jurisdiction or is "facially meritless and frivolous," *Smith v. United States*, 120 Fed. Cl. 455, 458 (2015) (quoting *St. Paul Fire & Marine Ins. Co. v. United States*, 31 Fed. Cl. 151, 155 (1994)). A claim that is barred

by the statute of limitations would be futile. *See, e.g.*, *Jackson v. United States*, No. 2016-2253, 2016 WL 6518563, at *3 (Fed. Cir. Nov. 3, 2016) (per curiam) (affirming denial of motion to amend the complaint where, because the plaintiff's claims "were either outside the Claims Court's jurisdiction or time-barred, any amendments would have been futile").

Under RCFC 17(a)(1), "[a]n action must be prosecuted in the name of the real party in interest." RCFC 17(a)(3) provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." After the real party in interest has been substituted, "the action proceeds as if it had been originally commenced by the real party in interest." RCFC 17(a)(3). This court has found that RCFC 17(a) "applies not only to entire actions, but also to separate claims within an action." *Holland v. United States*, 62 Fed. Cl. 395, 401 (2004) (citation omitted); *see also Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19-20 (2d Cir. 1997) (interpreting Rule 17 of the Federal Rules of Civil Procedure).

## III. DISCUSSION

For the reasons set forth below the court concludes that Ms. Rogers may be substituted for Mr. Chapman as the real party in interest and that her claim will relate back to the filing of the original complaint under RCFC 17(a).[2]

The Federal Circuit has stated that RCFC 17(a) "sets forth the broad and general principle that actions should be brought in the name of the real party in interest and that courts should be lenient in permitting ratification, joinder, or substitution of that party." *First Hartford Corp. Pension Plan & Tr. v. United States*, 194 F.3d 1279, 1289 (Fed. Cir. 1999). As noted above, RCFC 17(a)(3) provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action" and after a real party in interest has been substituted, "the action proceeds as if it had been originally commenced by the real party in interest." In determining whether to allow substitution or joinder of a real party in interest under RCFC 17(a), this court has considered "1) whether the defendant will be prejudiced, 2) whether the factual allegations of the complaint will change, and 3) whether the defendant is aware of the relevant parties." *Holland*, 62 Fed. Cl. at 401-02; *see also Textainer Equip. Mgmt. Ltd. v. United States*, 115 Fed. Cl. 708, 716-17 (2014) (denying request to substitute a real party in interest under RCFC 17(a) where plaintiffs waited several months to move for substitution and relation back would "plac[e] a

---

[2] Because the court concludes that substitution is proper under RCFC 17, the court does not reach plaintiffs' alternative arguments to amend the complaint under RCFC 15 or to allow for intervention under RCFC 24.

4

greater burden on the government to accommodate plaintiffs' inability to resolve questions of ownership which existed from the outset of this case").

The government argues that substituting Ms. Rogers for Mr. Chapman should not be permitted on the ground that a taking claim by Ms. Rogers is now time-barred under the six-year statute of limitations set in 28 U.S.C. § 2501. According to the government, allowing Ms. Rogers to be substituted as the real party in interest would impermissibly circumvent the jurisdictional bar to her claim.

Plaintiffs argue in response that because it is not disputed that Ms. Rogers, as the property owner, is the real party in interest, and because the government has known of her property interest from the initiation of this lawsuit, the government is not prejudiced by substituting Ms. Rogers for Mr. Chapman and her claim should proceed "as if it had been originally commenced by the real party in interest."

This court has consistently found that under RCFC 17(a) where an action is "commenced by one who arguably has an interest in the enforcement of the claim and the real party in interest is later brought into the litigation, the joinder or substitution of the real party in interest relates back for limitations purposes to the date of the original pleading." *Castle v. United States*, 48 Fed. Cl. 187, 194 (2000), *aff'd in part and rev'd in part on other grounds*, 301 F.3d 1328 (Fed. Cir. 2002); *see also Textainer Equip. Mgmt. Ltd. v. United States*, No. 08-610C, 2013 WL 1984382 (Fed. Cl. May 15, 2013) (citing *Holland*, 62 Fed. Cl. at 401); *Holland v. United States*, No. 95-524, 2005 WL 6115375, at *1-3 (Fed. Cl. May 12, 2005) (following *Holland*, 62 Fed. Cl. at 395, and citing *Castle*); *Am. Heritage Bancorp v. United States*, 53 Fed. Cl. 723, 729 (2002) (quoting *Castle*); *S. California Fed. Sav. & Loan Ass'n. v. United States*, 52 Fed. Cl. 444, 457 (2002) ("Because joinder or substitution [under RCFC 17(a)] has the same effect [as] if the action had originally been commenced in the name of the real party in interest, the new Plaintiff is automatically considered to have filed on time." (quotation marks and alterations omitted)); *Bank of Am., FSB v. United States*, 51 Fed. Cl. 500, 512-15 (2002) (quoting *Castle*), *aff'd sub nom. Bank of Am., FSB v. Doumani*, 495 F.3d 1366 (Fed. Cir. 2007); *Admiral Fin. Corp.*, 51 Fed. Cl. 366, 369 (2002) (citing and distinguishing *Castle*), *aff'd*, 329 F.3d 1372 (Fed. Cir. 2003). Correction in parties has thus been permitted even after the statute of limitations governing the action has run. To the extent that the government is arguing that the statute of limitations is always a bar to substituting a real party in interest under RCFC 17(a), the argument is rejected. As the above-cited cases demonstrate, this court has allowed substitution of the real party in interest after the statute of limitations has run based on RCFC 17(a).

The real issue in this case therefore is whether substitution is appropriate where the party seeks substitution of the real party in interest upon concluding that an assignment is invalid. The court understands the government to be arguing that this court has only allowed substitution of a real party in interest where a suit was filed on

5

behalf of the party seeking substitution or where the party seeking substitution was directly affiliated with the parties that filed the suit. Plaintiffs argue that it does not matter that the claim was not filed on behalf of Ms. Rogers, although she retained an interest in the proceeds from any award, or that Ms. Rogers and Mr. Chapman do not have an affiliated interest in the subject property. Plaintiffs contend that this case should not be viewed any differently than *Holland*, 62 Fed. Cl. at 395, where following invalidation of an assignment the real party in interest was joined as a plaintiff under RCFC 17(a) and its claims related back to the date the original complaint was filed.

The court finds that substitution of the real party in interest where an assignment is invalid may be permitted and that the claim may relate back to the filing of the original complaint. In particular, the court finds that the purpose of Rule 17(a) is to allow for substitution in order to avoid forfeitures of just claims. It is for this reason that Rule 17(a)(3) provides that "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." In this connection, the court finds enlightening the Advisory Committee Notes accompanying the 1966 amendments to Rule 17 of the Federal Rules of Civil Procedure, upon which RCFC 17 is based. The Advisory Committee Notes state that "[m]odern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed . . . It is intended to prevent forfeiture . . . when an understandable mistake has been made."

Thus, courts have allowed substitution of the real party in interest where the legal effectiveness of an assignment is challenged, the assignment is set aside, and there is no evidence of bad faith or an attempt to deceive the defendant. Where the original complaint gives the defendant notice of the particulars of the claim and there are no allegations of deceit or prejudice, the court sees no reason why substitution should not be allowed. *See Advanced Magnetics*, 106 F.3d at 20-21.

Here, a review of the initial complaint and first amended complaint reveals that the government was put on notice of the taking claim based on damage to Ms. Rogers's property at the outset of this litigation. Substituting Ms. Rogers for Mr. Chapman would not change any of the factual allegations regarding the takings claim at issue. The government concedes that it has been on notice of the claim associated with Ms. Rogers's property and would not be prejudiced by her being substituted as the real party in interest.

The initial complaint and first amended complaint also put the government on notice that Mr. Chapman was pursuing the claim based on an assignment in which he would retain 60 percent of an award and Ms. Rogers would receive 40 percent. While the assignment does not purport to authorize Mr. Chapman to bring a claim on Ms. Rogers's behalf, it is clear from the complaint that Ms. Rogers, as the property owner,

6

had an interest in the claim. The government does not assert, and there is no evidence to suggest, that the assignment was made to deceive the government or that the claim was a "bad faith" attempt to avoid the statute of limitations.

In these circumstances, the court finds that Ms. Rogers may be substituted as the real party in interest and may pursue Claim VI in her own name. In addition, her claim will relate back to the date of the original complaint under the express terms of RCFC 17(a).

## IV. CONCLUSION

For the reasons discussed above, plaintiffs' motion for leave to file a second amended complaint is **GRANTED**. The plaintiff shall have until **February 10, 2017** to file a revised Second Amended Complaint to reflect the current status of Ms. Rogers's ownership of the property at issue in Claim VI of the complaint and to correct minor factual errors and technicalities as agreed to by the government. The government shall file a response to the Second Amended Complaint by **March 13, 2017**. The court will also allow for reopening of discovery for the limited purpose of deposing Ms. Rogers. The parties shall file a joint status report setting forth a proposed schedule for pre-trial filings by **May 8, 2017.**

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge